**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-96-58-M |
| ) | |
| KATRICE LASHAWN GLASS, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant has filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of her sentence.

On November 1, 2007, the United States Sentencing Commission's amendment to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1 (Amendment 706) took effect, reducing the crack cocaine guidelines by two levels. On December 11, 2007, the Commission voted to make the amendments to the crack cocaine guidelines retroactive, to amend the Policy Statement, application notes, and background to U.S.S.G. § 1B1.10, and to make these changes effective on March 3, 2008.

Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range <u>that has subsequently been lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Additionally, § 1B1.10 of the United States Sentencing Guidelines provides, in part, that "[a] reduction in the defendant's term of imprisonment is not consistent with the policy statement and

therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

"To pursue a § 3582(c) motion, [a defendant] must show that application of a retroactive guideline would reduce his sentencing range." *United States v. Evans*, No. 08-5131, 2009 WL 47023, at *1 (10th Cir. Jan. 8, 2009). In her motion, defendant does not assert that application of Amendment 706 would lower her applicable guideline range. Further, having reviewed defendant's submissions, the Court finds that Amendment 706 does not have the effect of lowering defendant's applicable guideline range. Accordingly, the Court finds defendant is not entitled to a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2) and DENIES defendant's motion for reduction of sentence [docket nos. 178 and 186].

**IT IS SO ORDERED this 26th day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE